IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ENRIQUEZ, | 1:11-cv-00278-SMS (PC) |
| Plaintiff, | ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |
| vs. | |
| MATTHEW CATE, et al., | |
| Defendants. | |
| _____/ | |

    Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 17, 2011.  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

    Plaintiff's claims arise from his validation as a gang member by Defendants J. M. Escobedo and D. McDougal at Chuckawalla State Prison.  Because the events giving rise to Plaintiff's claims occurred in Riverside County, this action should have been filed in the United States District Court for the Central District of California.  In the interest of justice, a federal court may transfer a

-1-

1  complaint filed in the wrong district to the correct district.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v.</u>
2  <u>McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).
3         Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
4  District Court for the Central District of California.

6  IT IS SO ORDERED.
7  **Dated:     February 17, 2011**                 /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE